IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03148-CYC

ANTHONY CHARLES McGERR,

  Plaintiff,

v.

SYNOPTEK, LLC,

  Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

A plaintiff seeking to bring a disability discrimination claim must bring the matter to the attention of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination. Plaintiff Anthony Charles McGerr asserts that defendant Synoptek, LLC, his former employer, engaged in such discrimination, but some of his claims did not meet that deadline. Others are simply short on facts showing a violation of the law. The Court therefore grants the defendant's motion to dismiss, ECF No. 16, albeit without prejudice, not with prejudice as the defendant requests. The Court also denies the plaintiff's request to file a surreply. ECF No. 24.

**BACKGROUND**

For the purposes of this motion, the plaintiff's Employment Discrimination Complaint, ECF No. 1 at 1–4, as well as the required attachments, namely the Determination and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"), *id.* at 5, and the

Complaint of Discrimination filed with the EEOC, *id.* at 6–7, collectively comprise the complaint, whose factual allegations the Court accepts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). According to the complaint, the plaintiff worked for the defendant in sales beginning in January 2020. ECF No. 1 at 3. He had multiple disabilities of which the defendant was aware. *Id.* In November 2022, the plaintiff's supervisor increased his workload and performance expectations, refused to give him a raise, criticized him in front of other employees, dismissed his mental and physical disabilities, moved the plaintiff's desk to an unfavorable location, and pressured him to make his primary care physician the supervisor's brother. *Id.* at 6–7. The plaintiff was also excluded from key work functions and opportunities, his supervisor disclosed details of his condition to external sources without his consent, *id.* at 3, and his request for transfer to another position was denied. *Id.* at 6.

In January 2023, the plaintiff requested flexible work hours, remote work options, and adaptive job duties and scheduling arrangements as accommodations for his disabilities. *Id.* On February 5, 2023, the defendant denied the request. *Id.* In May 2023, the plaintiff applied with the defendant for an open position as a Customer Journey Analyst; he interviewed for the position on May 12, 2023. *Id.* at 7. Before the defendant filled that position though, on May 31, 2023, the plaintiff resigned his sales position, though he indicated his desire to remain under consideration for the analyst position. *Id.* Later that day, the defendant informed the plaintiff that it did not select him for that position. *Id.*

On March 18, 2024, the plaintiff filed a Complaint of Discrimination with the Colorado Civil Rights Division and the EEOC. *Id.* at 6–7. The EEOC issued a right-to-sue notice on July 11, 2025, *id.* at 5, and the plaintiff timely filed this action thereafter. ECF No. 1.

2

He brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, though the exact nature of them is not entirely clear. Liberally construed, as a court is required to do for a pro se plaintiff, *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991), it appears that the plaintiff asserts claims for: (1) failure to accommodate based on the defendant's February 2023 denial of his requests; (2) hostile work environment; (3) failure to accommodate based on the decision not to hire him for the analyst position in May 2023; and (4) constructive discharge based on his May 31, 2023 resignation. ECF No. 1 at 3, 6.

The parties consented to the jurisdiction of a magistrate judge. ECF No. 15. This motion followed. ECF No. 16.

### ANALYSIS

The defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff's "failure to state a claim upon which relief can be granted" therefore warrants dismissal. Fed. R. Civ. P. 12(b)(6). Faced with a Rule 12(b)(6) motion, a court evaluates whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," such that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, a court looks to whether the plaintiff has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### I.    Timeliness

The defendant attacks the plaintiff's failure-to-accommodate and hostile work environment claims for failure to timely exhaust administrative remedies. A plaintiff, prior to commencing an ADA action in federal court, must first exhaust his or her administrative remedies. *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (unpublished) (citing 42 U.S.C. §§ 2000e–5(e)(1), 12117(a)). In Colorado, exhaustion requires, among other things, that plaintiffs file a charge of discrimination with the EEOC within 300 days of "the allegedly unlawful employment practice." *Id.* (citing *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007)); *see* 42 U.S.C. § 2000e-5(e)(1). Determining the timeliness of the EEOC filing requires consideration of what constitutes an incident of discrimination. *Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quotation marks omitted).

Under the ADA, "discriminat[ing] against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is [an employee]." 42 U.S.C. § 12112(b)(5)(A). Reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . . and other similar accommodations for individuals with disabilities." *Id.* at §12111(9)(B). Here, the defendant denied the plaintiff's request for various accommodations on February 5, 2023, ECF No. 1 at 6, 407 days before the plaintiff filed his EEOC complaint. *Id.* at 7. Therefore, the plaintiff's failure-to-accommodate claim, to the extent it is based on the February 2023 denial of his request, is untimely.

As for the plaintiff's hostile work environment claim, such a claim would allege "that 'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Porter v. Regents of Univ. of Colo.*, No. 22-cv-00335-MDB, 2023 WL 2664207, at *11 (D. Colo. Mar. 28, 2023) (quoting *Davis v. U.S. Postal Serv.*, 142 F. 3d 1334, 1341 (10th Cir. 1998)). The plaintiff's allegations of various unfavorable actions in November 2022, ECF No. 1 at 6–7, most closely fit such a claim. This claim, then, is also rooted in events predating the EEOC charge by more than 300 days, so the Court cannot consider it.

The plaintiff protests. The November 2022 actions, he says, are all part of a single course of conduct continuing through May and June 2023, making them proper for consideration. It is true that because "[h]ostile environment claims are different in kind from discrete acts" given that "[t]heir very nature involves repeated conduct," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002), courts can consider such claims so long as "something . . . connect[s] acts within the statutory period to acts beyond that period." *Blaine v. Mystere Living & Healthcare, Inc.*, No. 22-cv-02471-TC, 2024 WL 3534861, at *4 (D. Kan. July 25, 2024). "If something does, the 300-day period no longer limits the plaintiff." *Id.* But the plaintiff's attempts to connect more recent events to the November 2022 actions fall short.

First, the plaintiff attempts to connect the November 2022 actions to the defendant not hiring him for the open position in May 2023. ECF No. 18 at 2; *see* ECF No. 1 at 6–7. Courts look at "the type of these acts, the frequency of the acts, and the perpetrator of the acts," *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1139 (10th Cir. 2008) (quotation marks omitted), to determine if the conduct is "sufficiently related" enough to be part of the "same employment practice." *Id.* at 1140. But the plaintiff suggests that the relatedness of the acts is not appropriate for the Court to address at the pleading stage because it is a merits-based inquiry, ECF No. 18 at 6; however, the Court need not address the merits of the claims to resolve this issue. Here, the

November 2022 actions are facially different in type than the May 2023 action. *Compare* ECF No. 1 at 7 *with id.* at 3, 6–7. The November 2022 claims are based on the plaintiff's allegations that defendant subjected him to harassment and unequal terms of employment, *id.* at 7, whereas the May 2023 failure-to-transfer claim is premised on plaintiff's allegations that he turned in his resignation, which expressed his interest continuing to work for defendant in a different role, and was not selected for that role shortly after. *Id.* "A hostile work environment claim, which requires plaintiff to allege severe or pervasive harassment, cannot reasonably grow out of a discrete act of discrimination," *Johnson v. BlueCross BlueShield Kan. Sols., Inc.*, No. 24-4053-KHV, 2024 WL 4679215, at *6 (D. Kan. Nov. 5, 2024) (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409–10 (10th Cir. 1997)), such as the failure to transfer alleged here. *See* 42 U.S.C. § 12111(9)(B). Therefore, the plaintiff's hostile work environment claim is also time-barred.

The plaintiff also seeks to connect the November 2022 actions to new facts alleged in his motion response. *See* ECF No. 18 at 3–4, 6. But on a Rule 12(b)(6) motion, a reviewing court is limited to "the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A plaintiff may not "amend h[is] complaint by adding factual allegations in response to Defendant's motion to dismiss." *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)). And even under a liberal construction of the pleadings, a court must not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quotation marks omitted). These facts therefore cannot make his hostile work environment claim timely.

6

## II.    <u>Merits</u>

### A.  **May 2023 Failure to Accommodate**

The plaintiff never explicitly asserts that the defendant's failure to hire him for the analyst position in May 2023 comprised a failure to accommodate his disabilities. ECF No. 1 at 3, 6–7. He does allege that some denial of a request to transfer constituted a failure to provide reasonable accommodations in the time period of "February 5, 2023, and thereafter." *Id.* at 6. On its face, that does not provide the court with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, nor does it allow the court to assess whether the plaintiff has exhausted his administrative remedies. *Castaldo*, 276 F. App'x at 841. But construing the complaint "liberally," *Hall*, 935 F.2d at 1110, this allegation may refer to the plaintiff's May 2023 job application. ECF No. 1 at 7.

Even so construed, though, the complaint's allegations fall short of stating a claim. "To establish a prima facie failure-to-accommodate claim, a plaintiff must show: (1) he was disabled; (2) he was otherwise qualified; (3) he requested a plausibly reasonable accommodation; and (4) Defendant refused to accommodate his disability." *Skeith v. FCA US LLC*, 807 F. Supp. 3d 1304, 1309 (D. Colo. 2025) (quoting *Dansie v. Union Pacific Railroad Co.*, 42 F.4th 1184, 1192 (10th Cir. 2022)). There is no indication in the complaint that the defendant was aware that the plaintiff was seeking an accommodation, *see* 42 U.S.C § 12111(5)(9)(B), by applying to the open position, *see* ECF No. 1 at 7, leaving no factual support for the third element. Accordingly, this claim is insufficiently pled.

### B.  **Constructive Discharge**

Finally, the plaintiff does assert explicitly that his May 2023 resignation constituted a constructive discharge. ECF No. 1 at 3, 7. Under the ADA, "[n]o covered entity shall

discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Amongst the elements of a claim under that statute is the plaintiff having "suffered adverse employment action because of the disability." *Mathews v. Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001). "Constructive discharge is an adverse employment action" and "has two basic elements [:] [F]irst that [the plaintiff] was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. . . [Second,] that he actually resigned." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 761 (10th Cir. 2020) (quoting *Green v. Brennan*, 578 U.S. 547, 555 (2016)). The plaintiff falls short on the first element.

As a threshold matter, the defendant attaches to its motion a copy of the plaintiff's resignation letter and asks the Court to consider it, despite it not being part of the complaint. ECF No. 16 at 5, 12; ECF No. 16-1. Courts may consider documents "referred to in the complaint and [. . .] central to the plaintiff's claim" on a motion to dismiss if the defendant submits "an indisputably authentic copy to the court" in their motion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). While the plaintiff's claim concerns resignation generally, the letter itself is not central to the claim. The Court does not consider it.

Regardless, for the first element of his constructive-discharge claim, the plaintiff must show that he had "no other choice but to quit. The conditions of employment must be objectively intolerable." *Skeith*, 807 F. Supp. 3d at 1310. The plaintiff alleges that the defendant made him "fe[el] that [he] had no other reasonable option but to submit [his] resignation," ECF No. 1 at 7, but courts "disregard . . . the employee's subjective view of the workplace environment." *Baca v.*

8

*Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). To the extent the plaintiff relies on his subjective perception of the workplace, it does not support a constructive-discharge claim.

And his allegations do not show objectively intolerable conditions. They generally allege that the defendant engaged in discriminatory behavior, but "proof of actionable harassment is not itself enough" for a constructive-discharge claim. *Blaine*, 2024 WL 3534861, at *9 (citing *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1235 (10th Cir. 2022)). Even liberally construed, that is as far as the plaintiff's complaint goes. Moreover, it alleges no discrete discriminatory action by the defendant between February 2023 and his resignation at the end of May 2023, belying any inference that the product of the defendant's actions through February 2023 created an objectively intolerable environment. *See, e.g.*, *Montero v. AGCO Corp.*, 192 F.3d 856, 861 (9th Cir. 1999) (finding that "Plaintiff was not constructively discharged" when "harassing behavior had ceased three to four months before" resignation). In short, the plaintiff may have alleged circumstances that are "certainly difficult," but has not gone beyond conclusory statements to allege facts making it plausible that his circumstances were "so objectively intolerable as to amount to constructive discharge." *Skeith*, 807 F. Supp. 3d at 1310. The claim is accordingly dismissed.

## III.    <u>Dismissal Without Prejudice</u>

The defendant requests dismissal with prejudice, ECF No. 16 at 2, 13, but "[o]rdinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018). That applies to the plaintiff's February 2023 failure-to-accommodate and hostile work environment claims. As to the others, "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting

*Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Here, such futility is not obvious. The plaintiff, for instance, might have more to allege regarding his working conditions on his constructive-discharge claim. Accordingly, dismissal of the plaintiff's federal claims will be without prejudice.

## IV.      Motion for Surreply

A surreply is generally permitted when a party includes new material for the first time in a reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The plaintiff requests such permission to address dismissal and futility theories in the defendant's reply. ECF No. 24 at 1. These only appeared in the reply because of new facts the plaintiff presented in his motion response, and the Court has declined to consider those new facts. "If the district court does not rely on the new material in reaching its decision, . . . it does not abuse its discretion by precluding a surreply." *Green*, 420 F.3d at 1196 (quotation marks omitted). So it is here: the Court has not considered the new material in the defendant's reply; a surreply is unnecessary.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the defendant's Motion to Dismiss, ECF No. 16, is **GRANTED** and the plaintiff's claims are **DISMISSED without prejudice.**

It is further ORDERED that the plaintiff's Motion For Leave to File a Limited Sur-reply, ECF No. 24, is **DENIED**.

Entered this 23rd day of July, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

10